**Wilbert GRIMES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A—12530.**

Criminal Court of Appeals of Oklahoma.

Feb. 5, 1958.

Leonard Geb, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, hereinafter referred to as the defendant, was charged by information in the county court of Kay County with the crime of operating a motor vehicle while under the influence of intoxicating liquor, tried before a jury, found guilty and sentenced to serve a sentence of 10 days in the county jail and to pay a fine of $1.00. The facts reveal that two highway patrolmen were stationed in a patrol car on the southwest corner of Waverly and South Avenue in Ponca City. They observed defendant's car approaching from the south, as it ran across the highway, ran off on the west side of the roadway and then back onto the highway and continued in a northerly direction after having run through a ditch. The patrolmen made immediate pursuit, stopped the defendant, and were definite in their testimony that defendant was intoxicated. The defendant and witnesses for him testified he was not drunk. That he had in the course of five or six hours visited three different beer taverns and had consumed three bottles of beer. They denied any erratic driving and stated the patrolmen stopped defendant while he was driving normally. There was a drastic conflict in the testimony as to defendant's sobriety and also his improper driving.

This appeal was lodged in this court on August 31, 1957. The time for filing briefs has long since expired. The case was set for oral argument on December 4, 1957. No one appeared on behalf of defendant. This court has consistently held that where no briefs are filed and no appearances made, the record will be thoroughly examined and in the absence of fundamental error the verdict will not be disturbed. Such is the case here. The conflict in the testimony was a matter to be determined by the jury. The evidence on the part of the state was

sufficient if believed to justify the verdict. We have carefully examined the record and find no material error to justify reversal. The case is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.